IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MANOJ MANOJ                         :        CIVIL ACTION
                                    :
        v.                          :
                                    :
JOHN RIFE, et al.                   :        NO. 26-1742

ORDER

AND NOW, this 26th day of March 2026, for the reasons stated Coelho Lopes v. Jamison, No. 26-234, 2026 WL 299991 (E.D. Pa. Feb. 4, 2026),[1] it is hereby ORDERED that:

(1)  the Petition for Writ of Habeas Corpus by Manoj Manoj is GRANTED;

(2)  Manoj Manoj is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

(3)  The Government shall RELEASE Manoj Manoj from custody immediately and shall certify compliance with this Order by filing said certification on the docket no later than 12:00 P.M. EST on March 27, 2026;

---

[1]    Respondents now cite Buenrostro-Mendez v. Bondi, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  The decision of the Court of Appeals for the Fifth Circuit had not been handed down when this court granted the writ of habeas corpus in Coelho Lopes.  This court respectfully disagrees with the majority's holding in that case and agrees with the dissent.  In any event, it is not binding authority on courts in the Third Circuit.

(4)   Upon his release, the Government is required to return any identity documents of Manoj Manoj, including his Employment Authorization Document, Pennsylvania ID, Social Security Card, and any other document that he had on his possession when detained;

(5)   The Government is temporarily enjoined from re-detaining Manoj Manoj for seven days following his release from custody;

(6)   If the Government chooses to pursue re-detention of Manoj Manoj after that seven-day period, it must first provide him with a bond hearing under 8 U.S.C. § 1226(a), at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

(7)   Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Manoj Manoj from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Manoj Manoj is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from the undersigned to move Manoj Manoj if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a

2

proposed destination.  The Court will then determine whether to grant the request and to permit his transfer; and

(8) The clerk of Court shall mark this case CLOSED.

BY THE COURT:

/s/  Harvey Bartle III
                                                    J.